UNITED STATES DISTRICT COURT       SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas

**ENTERED**

January 27, 2022

Nathan Ochsner, Clerk

| | | |
|---|---|---|
| Susan Purvis, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| versus | § | Civil Action H-20-4073 |
| | § | |
| Andrew Saul, | § | |
| | § | |
| Defendant. | § | |

## Opinion on Summary Judgment

1.    *Introduction.*

The question is whether substantial evidence supports the commissioner's decision that Susan Purvis is not disabled under the Social Security Act.  It does.

2.    *Standard of Review.*

Purvis brought this action for judicial review of the commissioner's final decision to deny her disability insurance benefits.  *See* 42 U.S.C. §§ 205(g), 405(g) (2005).

Judicial review is limited to determining whether substantial evidence in the record  supports the commissioner's decision.  This is a level of proof that a reasonable mind would accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  A decision unsupported by substantial evidence must be overturned.  It would be arbitrary, failing the requirement that governmental process be regular. *U.S. Const. amend. V.*

3.    *Statutory Criteria.*

The law has a five-step evaluation process to determine whether a claimant is disabled.  First, a claimant is not disabled if she works for substantial gain.  Second, a claimant is not disabled unless she has been medically impaired

for at least twelve months.  Third, a claimant is not disabled unless her impairment meets one listed in appendix 1 of the regulation.  Fourth, if the commissioner has yet to make a determination, he will consider the effects of the claimant's impairments on his capacity to work.  If the claimant is able to perform her past work, she is not disabled.  Fifth, a claimant is not disabled if she can adjust to other work that is a significant part of the national economy.  20 C.F.R. § 404.1520(a) (2003).

4.    *Evidence.*

   A.    *Background.*

   Purvis is a 59-year-old woman who says that she is disabled by: (a) emphysema; (b) thyroid; (c) mental illness; and (d) rheumatoid arthritis. She says that these cause her to have difficulty standing, walking, reaching, grabbing, and lifting.

   Purvis has a high-school education and has worked as a metropolitan bus driver and home health provider. When she applied for social security on April 3, 2018, she said that her disability had begun on March 30, 2018.

   The hearing officer found that Purvis's impairments did not meet or equal a listed impairment. She decided that Purvis could do her past relevant work as a home health provider.

   B.    *Application.*

   The hearing officer properly found that Purvis was not disabled. The process was correctly followed.

   First, Purvis has not been gainfully employed. Second, the hearing officer found that Purvis's chronic obstructive pulmonary disease with pulmonary nodules, mild apical infarct with mild part-infarct ischemia, obesity, and gastrointestinal reflux disease were severely impairing her. However, the officer found that the bilateral carpel tunnel syndrome, right shoulder impairment, left knee osteophytosis, depression, anxiety, post-traumatic stress disorder, hyperthyrodism, low vitamin D, mixed hyperlipidemia, type 2 diabetes mellitus,

syphilis, and nodular goiter were not severely impairing her because the objective medical evidence showed that they minimally impeded or limited her ability to work or would not have impeded for a long enough time. Third, none of Purvis's impairments met one listed. Fourth, the officer determined that Purvis would be able to do light work – including her past relevant work as a home health companion – after considering the combined effects of her impairments.

Purvis argues that the hearing officer erred by: (a) her finding that Purvis's right shoulder impairment, bilateral carpal tunnel syndrome, and knee impairment were not severe because she applied the wrong severity standard, were based on her own lay opinion, or otherwise contradicted the record; and (b) her residual functioning capacity was incorrect because the incorrect severe impairments were not considered and was not supported by substantial evidence.

Purvis insists that the hearing officer should have applied the severity standard from *Stone v. Heckler*, 752 F.2d 1099 (5th Cir. 1985), but did not. Concerns over *Stone* arise when the hearing officer denies benefits at step two.[1] The officer in this case denied benefits at step four – making this argument largely moot.

Regardless, the officers decision to not cite specifically to *Stone* was harmless. She ultimately referred to social security ruling 85-28 which incorporates *Stone* into the agency's determination policy. The standards in *Stone* and ruling 85-28 are similar enough to not be erroneous.[2]

Purvis says that the officer erred under either severity standard. With the shoulder stiffness, she refers to a brief complaint and treatment history that mentions some limitations. For the carpal tunnel, Purvis cites to her diagnosis and surgery a year-and-a-half later, and nearly 15 year history of hand pains. For the knee stiffness, she refers to complaints of pain and a x-ray. Purvis contends that the hearing officer contradicted the medical record with her own "lay opinion."

---

[1] *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988).

[2] *Keel v. Saul*, 986 F.3d 551, 556 (5th Cir. 2021).

Purvis argues her severity position with largely diagnoses and treatments but does not give objective medical evidence that shows how these conditions have a severe impact on her ability to work.

Purvis's "lay opinion" argument is also unpersuasive. The hearing officer is intrinsically required to make findings – which includes weighing evidence and may touch on dispositive matters. The officer must consider the record in its entirety but need not pinpoint specific medical opinions to justify her findings.

For her residual function capacity, the hearing officer weighed the evidence in the record – including medical documents and testimony; Purvis's part-time work; her pain and symptoms; aggravating factors; and the medication and treatment that she has had and has been recommended. The officer also considered Purvis's limitations – through hypothetical questions posed to a vocational expert – and they were incorporated into the evaluation.

The hearing officer's determination is supported by substantial evidence.

5.    *Conclusion.*

The commissioner's decision denying Susan Purvis's claim for disability insurance is supported by substantial evidence and will be affirmed. Susan Purvis will take nothing from Andrew Saul.

Signed on January 26, 2022, at Houston, Texas.

Lynn N. Hughes
United States District Judge